# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2020

Lyle W. Cayce
Clerk

No. 19-50281
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

PABLO ALONZO CARRILLO-FLORES,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-292-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

The Government appeals the dismissal of an indictment charging Pablo Alonzo Carrillo-Flores with illegal reentry after deportation in violation of 8 U.S.C. § 1326.  The district court determined that the notice to appear (NTA) that initiated the removal proceedings—which did not specify a date and time for the removal hearing—was defective and could not sustain a conviction for illegal reentry.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50281

In *United States v. Pedroza-Rocha*, 933 F.3d 490, 492-93 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), this court considered a challenge to the district court's grant of a motion to dismiss an indictment charging illegal reentry under § 1326 on the basis that the NTA was defective because it did not specify a date and time for the removal hearing and the prior order of removal was thus void.  Applying *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), *petition for cert. filed*, (U.S. Dec. 16, 2019) (No. 19-779), this court reversed and remanded, concluding that the NTA was not deficient, that the subsequent service of a notice of hearing that included the date and time of the removal hearing cured any purported defect in the NTA, that the alleged deficiency did not deprive the immigration court of jurisdiction, and that the defendant could not collaterally attack his removal order without first exhausting his administrative remedies.  *Pedroza-Rocha*, 933 F.3d at 496-98.

The instant case is analogous to *Pedroza-Rocha.* Accordingly, the Government's unopposed motion for summary disposition is GRANTED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The Government's alternative motion for an extension of time to file a brief is DENIED as unnecessary.  The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings.